UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN C. SIMMS | ) | |
| | ) | Civil Action No. 08-910 (RJL) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| *et. al* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant District of Columbia Department of Corrections, through counsel and pursuant to Fed. R. Civ P. 12(b)(6) and (e), respectfully moves this Court to dismiss this case in its entirety as the Defendant Department of Corrections is *non sui juris*. Defendant also requests that this Court order the Plaintiff to file a more definite statement. A memorandum of points and authorities in support of this motion and proposed orders are attached hereto and incorporated by reference.

**RULE 7.1(m) CERTIFICATE**

A Motion to Dismiss is a dispositive motion; and, therefore plaintiff's consent is not required under Local Rule 7.1(m). Local Rule 7.1(m) does require that the parties confer regarding a Motion for a More Definite Statement; however, the undersigned does not have telephone or email contact information for the Plaintiff. As a result, the parties have not conferred regarding Defendant's Motion for a More Definite Statement.

Dated this 9th day of July, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Vanessa E. Atterbeary*
VANESSA E. ATTERBEARY [478070]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S-070
Washington, D.C. 20001
(202) 727-9624
(202) 727-3625 (fax)
Email: Vanessa.Atterbeary@dc.gov


**CERTIFICATE OF SERVICE**

     I hereby certify that on this 9th day of July, 2008, I filed the foregoing Motion to Dismiss, or in the Alternative, For a More Definite Statement and Memorandum and Points and Authorities and proposed Order with the Clerk of the Court using the CM/ECF System and a copy was mailed first class, postage pre-paid to:

John C. Simms, *pro se*
1620 Fort Davis Street., S.E.
Washington, DC 20001

                */s/ Vanessa E. Atterbeary*
                VANESSA E. ATTERBEARY
                Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN C. SIMMS ) | |
| ) | Civil Action No. 08-910 (RJL) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| *et. al* ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant District of Columbia Department of Corrections hereby submits this memorandum in support of its Motion to Dismiss or In the Alternative for a More Definite Statement. Dismissal is warranted because the Department of Corrections (hereinafter "DOC") is *non sui juris*. A more definite statement is warranted because Plaintiff has failed to meet the pleading requirements outlined in Fed. R. Civ P. 8 (a) and 10(b).

### BACKGROUND

Plaintiff, John C. Simms (hereinafter "Plaintiff"), was an inmate at either the Central Corrections Facility (hereinafter "CTF") or DOC.[1] Plaintiff filed a Complaint alleging that "on or around the year 1995-96" he injured his right knee while in the custody of the DOC. Plaintiff further alleges that his right knee was never "repaired or properly attended to" and continues to cause him difficulty. As a result of his allegations, Plaintiff seeks $150,000.00 in damages.

---

[1] It is unclear when Plaintiff was incarcerated; however, he was released on January 4, 2008. The latter information is based on Plaintiff's Complaint.

## STANDARD OF REVIEW

A motion to dismiss, under Fed. R. Civ. P. 12(b)(6), may be granted if it appears the plaintiff can prove no facts that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In the past, the Court liberally construed a plaintiff's complaint and granted plaintiffs the benefit of reasonable inferences derived from the facts alleged. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the Court is not required to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *Kowal v. MCI Communications*, 16 F.3d. 1271, 1275 (D.C.Cir. 1994).

Since *Conley*, the Court has placed stricter requirements on plaintiffs stating a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1965 (2007). Today the Court utilizes a plausibility standard when judging the sufficiency of a complaint in reviewing a motion to dismiss. *Id*. It is clear, after careful review of Plaintiff's Complaint, that he cannot pass the plausibility standard as the facts he alleged, construed in a light favorable to him, fail to demonstrate liability against Defendant. DOC.

Fed. Civ. R. 12(e) provides defendants with a remedy for inadequate complaints. Where a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a respons[e]" the court should grant defendant's motion for a more definite statement. *McQueen v. Woodstream Corporation*, 244 F.R.D. 26, 34 (D.D.C. 2007). Moreover, where a complaint pleads nothing but conclusions it is necessary for plaintiff to clarify his pleading. *Id.*

The underlying complaint in this matter lacks clarity and does not provide a sufficient factual record. As a result, the District cannot respond to the Plaintiff's complaint and the instant Motion for More Definite Statement should be granted.

## ARGUMENT

**I.  Defendant, District of Columbia Department of Corrections, is *non sui juris*; and, therefore not a proper party to this action.**

As an agency within the District of Columbia Government, the Department of Corrections is *non sui juris* and cannot be a party to this lawsuit. The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *Does I through III v. District of Columbia,* 238 F.Supp.2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F.Supp.2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F.Supp.2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* F. upp.28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974).

The statutory powers and duties of the Department of Corrections, set forth in D.C. Code § 24-211 (2006), *et seq.*, contain no provision for the Department of Corrections to be sued in its own name. Accordingly, the Department of Corrections is not a proper party to this action; therefore, all claims against DOC must be dismissed.

**II.  Plaintiff failed to comply with Fed. R. Civ P. 8 (a) and 10(b) and; therefore, he should be ordered to file a more definite statement.**

Fed. R. Civ. P. 8(a)(2) states that a pleading which sets forth a claim for relief shall contain " a short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. 8(a) requires only a "short and plain statement" the complaint must be

detailed enough to give the defendant "fair notice of what the . . . claim is and grounds upon which it rests[.]" *Dorsey v. American Express Company*, 499 F. Supp. 2d 1, 3 (D.D.C. 2007).

In the instant case, Plaintiff's complaint fails to inform the District of the basis of his claim and upon what authority he is entitled to relief. Plaintiff states, "On or around the year 1995-96 that Plaintiff, injured right knee while being in the custody of said defendant." Plaintiff does not indicate how his knee was injured, if and when he received treatment or whose custody he was in.[2] Plaintiff further alleges, "That said injury was never repaired or properly attended to And said injury stayed with Plaintiff unrepaired up to and through release date. (January 4, 2008)" Again, Plaintiff does not specify what medical treatment he received, where any medical treatment was received or how his injury was "attended to." Most importantly, it is unclear if Plaintiff is making a constitutional or a common law claim.

Plaintiff has not stated specific elements of a claim necessary to sustain damages. Plaintiff has made general statements; however, he has listed no facts to support his allegations. In *Dorsey*, the Court stated that a "Plaintiff must be specific enough with respect to 'the material elements necessary to sustain recovery under *some* viable legal theory.'" *Id.* at 3. It is necessary for Plaintiff to be more specific in his allegations before the District can articulate an answer and any defenses to which it is entitled.

Fed. R. Civ. P. 10(b) reads in pertinent part:

> "All averments of a claim . . . shall be made in numbered paragraphs . . . each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim . . . shall be stated in a separate count . . . whenever the separation facilitates the clear presentation of the matters set forth."

---

[2] Plaintiff has brought suit against DOC and Central Treatment Facility. It is unclear whose custody he was in when his knee was allegedly injured.

Likewise, Plaintiff's Complaint does not comply with Fed. R. Civ. P. 10(b). Plaintiff has not utilized numbered paragraphs, has not alleged separate counts and fails to assert a "clear presentation of the matters set forth." As a result of his failure to comply with Fed. R. Civ. P. 10(b), this Court should order Plaintiff to file a more definite statement.

## CONCLUSION

For the foregoing reasons, Defendant DOC respectfully requests that this Court dismiss Plaintiff's Complaint or, in the alternative, order Plaintiff to file a more definite statement.

Dated this 10th day of July, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Vanessa E. Atterbeary*
VANESSA E. ATTERBEARY [478070]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S-070
Washington, D.C. 20001
(202) 727-9624
(202) 727-3625 (fax)
Email: Vanessa.Atterbeary@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOHN C. SIMMS | ) ) ) | Civil Action No. 08-910 (RJL) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, *et. al* | ) ) ) ) |  |
| Defendants. | ) ) |  |

## ORDER

Upon consideration of the Defendant District of Columbia Department of Corrections Motion to Dismiss, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2008, it is hereby

**ORDERED,** that Defendant District of Columbia Department of Correction's Motion to Dismiss is **GRANTED.**

_____
Judge Richard J. Leon
United States District Court for the
District of Columbia

Copies to:   Vanessa E. Atterbeary
             Assistant Attorney General

             John C. Simms, *pro se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| JOHN C. SIMMS | ) | |
| | ) | Civil Action No. 08-910 (RJL) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| *et. al* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Upon consideration of the Defendant District of Columbia Department of Corrections Motion to Dismiss, any opposition thereto, and the entire record herein, it is this \_\_\_\_ day of _____, 2008, it is hereby

**ORDERED**, that the Plaintiff must file an Amended Complaint or statement setting forth the time, place and circumstances surrounding the allegations in the original complaint by _____, 2008.

_____
Judge Richard J. Leon
United States District Court for the
District of Columbia

Copies to:   Vanessa E. Atterbeary
             Assistant Attorney General

             John C. Simms, *pro se*