UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN C. SIMMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA DEP'T OF )<br>CORRECTIONS, *et al.* )<br>)<br>Defendants. )<br>_____) | Civil Action No. 08-0910 (RJL) |

## MEMORANDUM OPINION AND ORDER

The District of Columbia Department of Corrections ("DOC") has filed a motion to dismiss because it is *non sui generis*, that is, it is not an entity subject to a lawsuit. In the alternative, the DOC seeks a more definite statement. The Court will deny the motion to dismiss and deny without prejudice the motion for a more definite statement.

Complaints filed by *pro se* litigants are held to less stringent standards than are formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nonetheless, *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure states the minimum requirements for complaints. Rule 8(a) requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). The minimum requirements Rule 8 imposes are designed to provide defendants with sufficient notice of the claim or claims being asserted in order to allow

defendants to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977). Further, compliance with Rule 8(a)'s requirements should provide a court with sufficient information to determine whether it has jurisdiction over the claims. "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte,* to dismiss the complaint . . . . 'Dismissal, however is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.'" *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995) (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). Even where the complaint is so confused that its substance cannot be discerned, the complaint should not be dismissed before the plaintiff has been given an opportunity to amend. *See Ciralsky v. CIA,* 355 F.3d 661, 669-71 (D.C. Cir. 2004) (noting that it would generally be an abuse of discretion to dismiss without an opportunity to amend); *see also McHenry v. Renne,* 84 F.3d 1172, 1177 (9th Cir. 1996) (same).

In accord with the liberal standard mandated by *Haines v. Kerner*, 404 U.S. 519, the Court will construe the defendant in this action to be the District of Columbia, the entity that may be sued for the DOC's actions. Therefore, the dispositive motion to dismiss will be denied. The defendant, appropriately, also filed an alternative motion for a more definite statement. A more definite statement or an amended complaint may well be in order. However, such a motion is not dispositive, yet the defendant did not confer with the plaintiff about this non-dispositive motion for a more definite statement, as required by Local Civil Rule 7(m). There fore, the motion for a more definite statement will be denied without prejudice to renew for failure to comply with Local Civil Rule 7(m). Accordingly, it is hereby

2

ORDERED that the motion [Dkt. 5] to dismiss be, and hereby is, DENIED; and it is

FURTHER ORDERED that the motion [Dkt. 5] for a more definite statement be

DENIED WITHOUT PREJUDICE.

Date: 7/18/08

RICHARD J. LEON
United States District Judge

3